**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-02440-WYD-CBS

JULIE ANN BAILEY; and
THE ESTATE OF BRANDON MAGNUSON, with Julie Bailey as Personal Representative,

      Plaintiffs,

**v.**

CITY OF COMMERCE CITY, COLORADO, including its Police Department;
CHIEF OF COMMERCE CITY POLICE R. BRIAN HUBBARD, in his individual and official
capacities;
COMMERCE CITY POLICE OFFICERS JOE SANDOVAL,
DAVE BORES,
MIKE BADEN,
NICK SAMUELS, and
JOHN DOE COMMERCE CITY LAW ENFORCEMENT OFFICERS, all in their individual
and official capacities;
THE COLORADO STATE PATROL;
THE CHIEF OF COLORADO STATE PATROL, MARK V. TROSTEL, in his individual and
official capacities; and
STATE TROOPERS ADRIAN BEVEL,
ERIC WYNN,
ROBERT BRANDHAM, and
JOHN DOE STATE TROOPERS, in their individual and official capacities.

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for a Protective

Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of

Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

      1.  In this action, at least one of the Parties has sought and/or may seek Confidential

Information (as defined in paragraph 2 below)  The Parties also anticipate seeking additional

Confidential Information during discovery and that there will be questioning concernin

Confidential Information in the course of depositions. The Parties assert the disclosure of suc

information outside the scope of this litigation could result in significant injury to one or more c

the Parties' business or privacy interests, or that discovery and dissemination of such informatio

would improperly annoy, embarrass, or oppress the Parties. The Parties have entered into th

Stipulation and request the Court enter the within Protective Order for the purpose of preventin

the disclosure and use of Confidential Information except as set forth herein.

    2.  "Confidential Information" means any document, file, portions of files, transcribe

testimony, or response to a discovery request, including any extract, abstract, chart, summary

note, or copy made therefrom – not made available to the public – and designated by one of th

Parties in the manner provided in paragraph 3 below as containing Confidential Information.

    3.  Where Confidential Information is produced, provided or otherwise disclosed by

Party in response to any discovery request, it will be designated in the following manner:

      a.  By imprinting the word "Confidential" on the first page or cover of any documer

        produced;

      b.  By imprinting the word "Confidential" next to or above any response to

        discovery request; and

      c.  With respect to transcribed testimony, by giving written notice to opposin

        counsel designating such portions as "Confidential" no later than ten calenda

        days after receipt of the transcribed testimony.

    4. CONFIDENTIAL  documents,  materials,  and/or  information  (collective

"CONFIDENTIAL information") identified in accordance with paragraph 3 of this Protectiv

Order shall not, without the consent of the party producing it or further Order of the Court, b disclosed *except that* such information may be disclosed to:

    a.  attorneys actively working on this case;

    b.  persons regularly employed or associated with the attorneys actively workin on the case whose assistance is required by said attorneys in the preparatio for trial, at trial, or at other proceedings in this case;

    c.  the parties, including designated representatives for the defendants;

    d.  expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for preparation, trial or othe proceedings in this case;

    e.  the Court and its employees ("Court Personnel");

    f.  stenographic reporters who are engaged in proceedings necessarily incident t the conduct of this action; and

    g.  deponents or witnesses.

    5.  Prior to disclosing any CONFIDENTIAL information to any person listed abov (other than the Parties, Parties' counsel, persons employed by counsel, Court Personnel, an stenographic reporters), counsel shall provide such person with a copy of this Protective Orde and obtain from such person an executed Affidavit (in the form attached hereto) stating that he c she has read this Protective Order and agrees to be bound by its provisions. All such origina Affidavits shall be retained by counsel and shall be subject to *in camera* review by the Court opposing counsel demonstrates good cause for review.

6. Individuals authorized to review Confidential Information pursuant to this Protectiv Order including, but not limited to, those listed in paragraph 4 above shall hold Confidenti: Information in confidence and shall not divulge, communicate, or disclose in any manner th Confidential Information, either verbally or in writing, directly or indirectly, to any other persor entity or government agency unless authorized to do so by this Protective Order or other cou order. Confidential information shall be used only for the purpose of this litigation and not fc any business or other purpose whatsoever.

7. The Party's counsel who discloses Confidential Information shall be responsible fc assuring compliance with the terms of this Protective Order with respect to persons to whor such Confidential Information is disclosed.

8. During the pendency of this action, opposing counsel may upon Court order c agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 5 abov upon showing of substantial need in order to establish the source of an unauthorized disclosur of Confidential Information and that opposing counsel are unable to otherwise identify th source of the disclosure. If counsel who maintains the list disagrees with opposing counsel showing of substantial need, then counsel may seek a court order requiring inspection unde terms conditions deemed appropriate by the Court.

9. No copies of Confidential Information shall be made except by or on behalf of couns in this litigation, including for review by experts in this case. Any such copies shall be made an used solely for purposes of this litigation.

10. During pendency of this litigation, counsel shall retain custody of Confidenti: Information, and copies made therefrom pursuant to paragraph 9 above.

4

11.  A party may object to the designation of particular Confidential Information b giving written notice to the party designating the disputed information.  The written notice sha identify the information to which the objection is made.  If the parties cannot resolve th objection within ten (10) business days after the time the notice is received, it shall be th obligation of the party designating the information as confidential to file an appropriate motio requesting that the Court determine whether the disputed information should be subject to th terms of this Protective Order.  If such a motion is timely filed, the disputed information shall b treated as confidential under the terms of this Protective Order until the Court rules on th motion.  If the designating party fails to file such a motion within the prescribed time, th disputed information shall lose its designation as confidential and shall not thereafter be treate as confidential in accordance with this Protective Order.  In connection with a motion filed unde this provision, the party designating the information as confidential shall bear the burden c establishing that good cause exists for the disputed information to be treated as confidential.

12.  In the event it is necessary for the Parties to file Confidential Information with th Court in connection with any proceeding or motion, the Confidential Information shall be filed i accordance with the requirements of D.C.COLO.LCivR 7.2

13.  The termination of this action shall not relieve counsel or other persons obligate hereunder from their responsibility to maintain the confidentiality of Confidential Informatio pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce th terms of this Protective Order, even after this action is terminated.

14.  By agreeing to the entry of this Protective Order, the Parties adopt no position as t the authenticity or admissibility of documents produced subject to it.  Neither the taking of an

action in accordance with the provisions of this Protective Order, nor the failure to object thereto shall be construed as a waiver of any claim or defense in this action.

15. Within thirty (30) days after the conclusion of this litigation, unless other arrangements are agreed upon, each document and copies thereof which have been designated as CONFIDENTIAL shall be stored in a manner which will preclude others from obtaining such documents in accordance with this Protective Order. Moreover, copies of all deposition transcripts referring to the CONFIDENTIAL documents shall be sealed by counsel and shall be subject to the terms and provisions of this Protective Order. All documents and information that have been designated CONFIDENTIAL shall be maintained under seal and destroyed in the regular course of business seven (7) years after the termination of this litigation. As set forth in paragraph 13, the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

16. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.



DATED this _____ day of _____, 2006.

BY THE COURT:

_____
Craig B. Shaffer
United States Magistrate Judge

6

DATED at Denver, Colorado, this 21st day of March, 2006.

BY THE COURT:


_s/Craig B. Shaffer_
Craig B. Shaffer
United States Magistrate Judge

## STIPULATED AND AGREED TO:

s/ Paula Greisen
*Paula Greisen*
*Alison Butler Daniels*
King & Greisen, LLP
1670 York Street
Denver, Colorado 80206
Telephone: (303) 298-9878
Facsimile: (303) 298-9879
E-mails:      greisen@kinggreisen.com
              daniels@kinggreisen.com
*Counsel for Plaintiffs*


s/ Eric M. Ziporin
*Eric M. Ziporin*
*Gillian M. Fahlsing*
Senter Goldfarb & Rice, L.L.C.
1700 Broadway, Suite 1700
Denver, CO 80290
Telephone:  (303) 320-0509
Facsimile:  (303) 320-0210
E-mails:      eziporin@sgrllc.com
              gfahlsing@sgrllc.com
*Counsel for Commerce City, Hebbard,*
*Sandoval, Bores, Baden, and Samuels*


s/ Marc F. Colin
*Marc F. Colin*
*Michael T. Lowe*
Bruno, Colin, Jewell & Lowe, P.C.
1560 Broadway, Suite 1099
Denver, CO  80202
Telephone: (303) 831-1099
Facsimile: (303) 831-1088
E-mails:      mcolin@bcjlpc.com
              mlowe@bcjlpc.com
*Co-Counsel for Sandoval, Bores, Baden,*
*and Samuels*


s/ Kathleen L. Spalding
*Kathleen L. Spalding*
*Friedrick C. Haines*
Office of the Attorney General
1525 Sherman St., 5th Floor
Denver, Colorado 80203
Telephone:  (303) 866-4500
Facsimile:  (303) 866-5691
E-mails:      fred.haines@state.co.us
              kit.spalding@state.co.us
*Counsel for Defendants Colorado State*
*Patrol, Trostel, Bevel, and Brandham*


s/ William A. Rogers, III
*William A. Rogers, III*
*Rachel Spicer*
Wood Ris & Hames, PC
1775 Sherman Street, Suite 1600
Denver, Colorado  80203-4313
Telephone:  (303) 863-7700
Facsimile:  (303) 830-8772
E-mails:      wrogers@wrhlaw.com
              rspicer@wrhlaw.com
*Counsel for Defendant Wynn*

**AFFIDAVIT**

STATE OF COLORADO          )
                                                    ss
COUNTY OF                        )

_____, swears or affirms and states under penalty c
perjury:

     1.    I have read the Protective Order in _____, a copy c
which is attached to this Affidavit.

     2.    I have been informed by _____, Esq., counsel fc
_____, that the materials described in the list attached to thi
Affidavit are Confidential Information as defined in the Protective Order.

     3.    I promise that I have not and will not divulge, or undertake to divulge to an
person or recording device any Confidential Information shown or told to me except a
authorized in the Protective Order.  I will not use the Confidential Information for any purpos
other than this litigation.

     4.    For the purpose of enforcing the terms of the Protective Order, I hereby subm
myself to the jurisdiction of the court in the civil action referenced above.

     5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)
Address:

_____

Telephone No.: (_____) _____

*SUBSCRIBED AND SWORN* to before me this _____ day c
_____, 2006, by _____

WITNESS my hand and official seal.

_____
Notary Public
My commission expires:

[SEAL] _____

8

216870